UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY JAYNE HILL,

    Plaintiff,

v.     Case No:   2:13-cv-120-FtM-38DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court the Plaintiff, Nancy J. Hill's Petition for Attorney Fees (Doc. 25) filed on February 5, 2014.  Plaintiff indicated that the Commissioner does not object to the fees requested.  (Doc. 25, p. 2).

    On November 15, 2013, the Honorable Sheri Polster Chappell, United States District Judge entered an Order (Doc. 23) granting the Motion for Entry of Judgment with Remand (Doc. 22). Judge Chappell directed on remand that the ALJ give Plaintiff "an opportunity for a new hearing, further develop the record, and issue a new decision.  Specifically, the ALJ will further evaluate the claimant's mental impairments, obtain additional medical evidence as warranted, further evaluate the claimant's residual functional capacity, give further consideration to the claimant's treating and non-treating physician, and evaluate whether the claimant can perform jobs that exist in the national economy while obtaining vocational expert testimony as necessary."  (Doc. 23, p. 2).

    In order for Plaintiff to receive an award of fees under the Equal Access to Justice Act ("EAJA"), the following five conditions must be established: (1) Plaintiff must file a timely

application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff met the requirements under EALJ, and the Court determines that all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque,* 505 U.S. 557, 562 (1992). Plaintiff's counsel expended 27.7 hours to date. After reviewing the description of services provided, the Court determines that 27.7 hours is reasonable in this case.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting an hourly rate of $187.02, and the Court determines that $187.02 per hour is an appropriate hourly rate.

Plaintiff seeks $5,180.45 for attorney fees. The Court determines that the number of hours, 27.7 and the hourly rate of $187.02 are reasonable. Therefore, the Court will recommend that Plaintiff be awarded the amount of $5,180.34. Plaintiff is also seeking costs in the amount of $385.00 for the filing fee and service of process. The Court determines that the costs requested are taxable.

Attached to the Petition is a Representation Agreement (Doc. 25-1) signed by counsel and Plaintiff. (Doc. 25-1). In the Representation Agreement, Plaintiff assigned all rights to any attorney fees under EAJA to her attorneys, and consented to have those fees paid directly to counsel. (Doc. 25-1, p.2).

**IT IS RESPECTFULLY RECOMMEDED:**

The Petition for Attorney Fees (Doc. 25) be **GRANTED,** and attorney fees in the amount of $5,180.45 and costs in the amount of $385.00 be awarded to Plaintiff, and may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on February 10, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties